**Dana L. Sullivan,** OSB No. 94483
E-mail: dana@baaslaw.com
**Alysa M. Castro**, OSB No. 163217
E-mail: alysa@baaslaw.com
BUCHANAN, ANGELI, ALTSCHUL
& SULLIVAN LLP
921 SW Washington St., Ste. 516
Portland, OR 97205
Telephone:  503.974.5015
Facsimile:  971.230.0337
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DAVID JOSTAD,** | Civil No. 6:19-cv-00031-AA |
| Plaintiff, | |
| v. | **JOINT STATUS REPORT AND DISCOVERY PLAN** |
| **MAY TRUCKING COMPANY,** an Oregon corporation, | |
| Defendant. | |

Pursuant to Local Rule 26-1 and Fed. R. Civ. P. 26(f), plaintiff David Jostad ("plaintiff" or "Mr. Jostad") and defendant May Trucking Company ("defendant" or "MTC"), by and through their counsel, having met and conferred via telephone on March 13, 2019, hereby submit their Joint Status Report and Discovery Plan.

    A.    **Jurisdiction and Service**

Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, federal question jurisdiction, based on plaintiff's claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*  This court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims arise from the same nucleus of operative fact as the federal

claims. The state law claims are so related to the federal claims that they form part of the same case or controversy and would ordinarily be expected to be tried in one judicial proceeding.

Service has been affected on all named parties. The parties do not anticipate joining additional parties but, if the issue arises, will do so no later than May 1, 2019.

### B.  Nature and Basis of Plaintiff's Claims and Defendant's Defenses

Plaintiff asserts a federal age discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Plaintiff also asserts state law claims, including an age discrimination claim under ORS 659A.030, a wage and hour claim under ORS 652.140 and ORS 652.150 relating to plaintiff's final pay, and a common law promissory estoppel claim relating to a deferred compensation plan.

Defendant adamantly denies that it discriminated against plaintiff, terminated his employment, and/or failed to timely pay his final wages. Defendant maintains that plaintiff voluntarily resigned his employment. Defendant further denies any liability to plaintiff arising out of the deferred compensation plan.

### C.  Consent to Magistrate Judge

Plaintiff is not prepared to consent to a Magistrate Judge at this time.

### D.  Initial Disclosures

The parties will serve their initial disclosures by April 15, 2019.

### E.  Discovery Plan

  1.  **General Principles.** With regard to discovery, the parties agree to cooperate and act in good faith so as to minimize expense. The parties agree that written discovery shall be served and responded to in accordance with the Federal Rules of Civil Procedure and applicable Local Rules. The parties do not believe the phasing of discovery will be necessary in this case.

  2.  **Subjects of Discovery.** The parties anticipate that the subjects on which discovery may be needed include, but are not limited to, the following:

    i.  The employment relationship between plaintiff and defendant;

      ii. The facts and circumstances surrounding the end of plaintiff's employment with defendant;

      iii. The facts and circumstances surrounding the health insurance benefits defendant provided plaintiff;

      iv. The facts and circumstances surrounding the deferred compensation plan between plaintiff and defendant;

      v. Plaintiff's damages;

      vi. The affirmative defenses asserted by defendant; and

      vii. Any other subjects that arise during discovery that are relevant to the issues of this lawsuit.

3. **Recommended Deadlines.** The parties recommend the following deadlines to this Court:

| | |
|---|---|
| Commencement of Discovery | March 27, 2019 |
| Fact Discovery Cutoff | September 6, 2019 |
| Joint ADR Report | September 30, 2019 |
| Expert Disclosures | September 30, 2019 |
| Expert Discovery Cutoff | November 1, 2019 |
| Dispositive Motions (filed and served) | December 2, 2019 |
| Pretrial Order | 30 days from ruling on dispositive motions |

Plaintiff has requested a jury and the parties estimate that the trial will take between four to five court days.

4. **Limits on Discovery**

The parties do not request any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules.

5. **Electronically Stored Information ("ESI")**

      i. **Preservation:** Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

     ii. **Search Terms:** The parties shall attempt to reach an agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, throughout the course of discovery. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.

    iii. **Form:** The parties agree that ESI will be produced to the requesting party with searchable text. The parties agree that ESI shall be produced in native format whenever it is possible to do so. Where producing documents in their native format is not possible, ESI will be produced in a format to be decided between the parties. Acceptable formats include, but are not limited to TIFF (with a companion text file), and searchable PDF

    iv. **Metadata:** If the requesting party seeks metadata, the parties agree that the following metadata fields must be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.

6. **Confidential Information**

The parties may be asked to produce certain financial, legal, and other confidential or proprietary information. In that event, the parties will endeavor to agree upon the terms of a protective order that will limit the use of such information to this litigation. In the event the parties

are unable to resolve any issues regarding the subject or scope of a protective order, the parties will bring the matter before this Court.

### F. Statement Regarding Prospects of Settlement

The parties acknowledge that it is too early in the litigation to be able to evaluate the prospects of settlement. The parties are amenable to considering settlement discussions once both sides have had an opportunity to engage in discovery.

DATED this 22nd of March, 2019.

| | |
|---|---|
| BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP | ATER WYNNE LLP |
| s/ Dana L. Sullivan | s/ Alexandra M. Shulman |
| Dana L. Sullivan, OSB No. 94483<br>E-mail: dana@baaslaw.com<br>Telephone: (503) 974-5015<br>*Attorneys for Plaintiff* | Alexandra M. Shulman, OSB No. 152784<br>Email: aes@aterwynne.com<br>Telephone: (503) 226-8625<br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

    I hereby certify that I served the foregoing **JOINT STATUS REPORT AND DISCOVERY PLAN** on the following named person(s) on the date indicated below by

- ☐ Mailing with postage prepaid
- ☒ CM/ECF
- ☐ Hand-delivery
- ☐ Overnight delivery
- ☐ Email

to said person(s) a true copy thereof at his or her last-known address as indicated below.

Nena Cook
Alexandra M. Shulman
Ater Wynne LLP
1331 NW Lovejoy, Ste. 900
Portland, OR  97209
nc@aterwynne.com
aes@aterwynne.com

DATED this 22nd of March, 2019.

BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP

s/ Dana L. Sullivan
Dana L. Sullivan, OSB No. 94483
E-mail: dana@baaslaw.com
Alysa M. Castro, OSB No. 163217
E-mail: alysa@baaslaw.com
Telephone: (503) 974-5015

Of Attorneys for plaintiff