IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID JOSTAD,

    Plaintiff,

vs.

MAY TRUCKING COMPANY,
an Idaho corporation,

    Defendant.

Case No. 6:19-cv-00031-AA
**OPINION AND ORDER**

---

AIKEN, District Judge:

In this employment case, plaintiff David Jostad asserts the following claims against his former employer May Trucking Company: age discrimination under federal and state law; a state-law wage and hour claim under ORS 652.140 and ORS 652.150; and a common law claim for promissory estoppel. Defendant filed its Answer on February 25, 2019. Shortly thereafter, plaintiff communicated with defendant regarding plaintiff's objections to eleven of defendant's affirmative defenses. Ultimately, defendant filed an Amended Answer on April 2, 2019. Plaintiff now moves to strike defendant's Second, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth,

Eleventh, and Twelfth affirmative defenses. For the following reasons, plaintiff's Motion to Strike (doc. 18) is DENIED.

## STANDARDS

An answer must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Such defenses must be stated "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(a). A court may strike an affirmative defense under Federal Rule of Procedure 12(f) if it presents an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In considering a motion to strike, courts view the pleadings in the light most favorable to the non-moving party. *City of Tillamook Oregon v. Kennedy Jenks Consultants, Inc.*, No. 3:18-cv-02054-BR, 2019 WL 1639930, at *3 (D. Or. Apr. 16, 2019). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).

The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F.Supp.2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F.Supp.3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (quotation marks and alterations omitted)).

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 488 (S.D. Cal. 2013). "'The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.'" *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "[T]he 'fair notice' required by the pleadings standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)).[1] An affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." *Polk*, 291 F.R.D. at 489 (citation and quotation marks omitted).

## DISCUSSION

Plaintiff argues that (1) defendant's Second and Fifth affirmative defenses are factually insufficient; (2) defendant's Fourth and Sixth affirmative defenses are factually and legally insufficient; and (3) defendant's Eighth, Ninth, Tenth, Eleventh, and Twelfth affirmative defenses are negative defenses that should be stricken or more accurately identified as negative defenses.

---

[1] The parties dispute whether *Wyshak*'s fair notice requirement continues to control the pleading of affirmative defenses in light of the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). For the reasons stated in *Trustmark Ins. Co. v. C & K Market, Inc.*, No. 10-cv-465-MO, 2011 WL 587574, at *1 (D. Or. Feb. 10, 2011), and *Jones v. City of Portland*, No. 3:18-cv-01485-SB, 2018 WL 7078670, at *1-2 (D. Or. Dec. 12, 2018), I conclude that it does and, thus, will not address the parties' arguments regarding the sufficiency of the affirmative defenses under a plausibility standard.

Plaintiff argues that defendant's Second (Estoppel), Fourth (Exhaustion of Internal Remedies), Fifth (Waiver), and Sixth (Unclean Hands) affirmative defenses are factually insufficient. Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. *McDonald v. Alayan Alayan*, No. 3:15-cv-02426-MO, 2016 WL 2841206, at * 3 (D. Or. May 13, 2016). Viewing the pleadings in the light most favorable to defendant, the Court finds that defendant's allegations state the nature and grounds of these affirmative defenses.

Plaintiff also argues that defendant's Fourth (Exhaustion of Internal Remedies) and Sixth (Unclean Hands) affirmative defenses are legally insufficient. Plaintiff contends that defendant's Exhaustion defense is legally insufficient because defendant failed to show that plaintiff was legally required to pursue internal remedies before suing. Plaintiff contends that defendant's Unclean Hands defense is legally insufficient because plaintiff's failure to provide a discrimination complaint to defendant before suing cannot constitute "bad conduct" that supports the defense.

Neither argument shows that these defenses "clearly lack merit under any set of facts the defendant might allege." *Polk*, 291 F.R.D. at 489 (quotation marks omitted). Plaintiff's first argument is factual, rather than legal, and in his second argument plaintiff did not cite authority supporting his proposition that a person's failure to make an internal discrimination complaint before suing is not "bad conduct" as a matter of law.

Moreover, these are issues on the merits and not appropriate for a Rule 12(f) motion to strike. *Whittlestone*, 618 F.3d at 973 . Instead, these are matters more

appropriately reserved for another day. Plaintiff can obtain the factual detail he seeks through common discovery practices and will be able to argue why these defenses are baseless at the summary judgment phase of litigation or trial, if defendant chooses to pursue them.

Finally, plaintiff asserts, and defendant does not dispute, that defendant's Eighth, Ninth, Tenth, Eleventh, and Twelfth affirmative defenses are "negative defenses," which negate an element of, or asserts a defect in, a plaintiff's prima facie case. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Plaintiff argues that the Court should strike these defenses as redundant or, alternatively, strike the word "Affirmative" from these defenses.

Although this Court has discretion to strike a negative defense, the Court declines to do so because, "at this stage in the litigation, striking negative defenses would do little more than tidy up the pleadings." *McBurney v, Lowe's Home Centers, LLC*, No. 1:13-cv-00540-ELJ-CWD, 2014 WL 2993087, at *3 (D. Idaho Jul. 2, 2014). If the Court granted plaintiff's motion with respect to these defenses, it would not streamline the proceedings in any way. Defendant would have to file yet another amended answer that, at most, merely omits the five negative defenses. Yet, plaintiff would still have the burden of proving his prima facie case, and defendant could still argue that plaintiff does not state a claim. A motion to strike is a drastic remedy that this Court will not use to "micro-manage the pleadings merely to credit [plaintiff's] technical points." *Id.*

## CONCLUSION

For the reasons stated above, plaintiff's Motion to Strike (doc. 18) is DENIED.

IT IS SO ORDERED.

Dated this 10th day of July 2019.

*/s/ Ann Aiken*
Ann Aiken
United States District Judge